Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M. LANDRY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APELLES, LLC,<br><br>Defendant. | Case No. 5:20-cv-01766<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, DONNA M. LANDRY, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of APELLES, LLC, as follows:

### NATURE OF THE ACTION

1.  This action seeks redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5. DONNA M. LANDRY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Twentynine Palms, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. APELLES, LLC ("Defendant") is a limited liability company organized under the laws of Ohio.

9. Defendant maintains its principal place of business at 3700 Corporate Drive, Suite 240, Columbus, Ohio.

10. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

11. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

12. Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

**FACUTAL ALLEGATIONS**

13. Years ago, Plaintiff obtained a personal credit card through U.S. Bank N.A.

14. Plaintiff made various charges for personal purposes on the credit card, amassing a balance.

15. Due to financial difficulty, Plaintiff fell behind on her monthly payments on the credit card.

16. Eventually, Plaintiff's account fell into default status with an unpaid balance ("subject debt").

2

17. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Sometime thereafter, the subject debt was placed with Defendant for collection.

19. On August 4, 2020, Defendant sent Plaintiff a collection letter in an attempt to collect the subject debt ("Collection Letter").

20. The Collection Letter depicted, in pertinent part, as follows:



21. The Collection Letter offered to settle the subject debt for $143.94.

22. The Collection Letter also contained a payment coupon, which stated in pertinent part: "I authorize Appelles to charge my credit card for the amount listed below."

23. The amount listed below was the amount of the full balance of $573.48 and not for the amount of the settlement offer of $143.94.

24. Had the Plaintiff tried to accept the offer and provided her credit card number, she would have been charged the full amount of $573.48 and not the amount of the settlement offer of $143.94.

25. Plaintiff was deceived by the Collection Letter and nearly ended up paying hundreds of dollars more than she intended to pay.

26. As demonstrated by the face of the Collection Letter, the language in the Collection Letter is patently deceptive and misleading and can result in serious harm to consumers.

27. Specifically, the deceptive language and presentation of the Collection Letter can mislead consumers into paying hundreds or thousands of dollars more than they intended on paying.

28. Upon information and belief, Defendant deliberately designed the language and the general presentation of the Collection Letter to mislead consumers into paying more than they intended to pay.

29. Concerned with Defendant's deceptive collection practices and the potential harm to consumers in general, Plaintiff retained counsel to file this action to compel Defendant to cease its deceptive practices.

## **CLASS ALLEGATIONS**

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

32. The Putative Class is defined as follows:

All natural persons residing in the State of California (a) that received a correspondence from Defendant containing similar language and payment coupon contained in the Collection Letter; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to U.S. Bank, N.A.

33. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity:**

34. Upon information and belief, Defendant mailed thousands of similar letters to consumers nationwide.

35. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

36. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

**B. Commonality and Predominance:**

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

5

**C.  Typicality:**

38.  Plaintiff's claims are representative of the claims of other members of the Putative Class.

39.  Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.  Superiority and Manageability:**

40.  This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41.  The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42.  By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43.  Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation:**

44.  Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45.  Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

46.  Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

**CLAIMS FOR RELIEF**

**Count I – Violations of Sections 1692e, e(10), and 1692f of the FDCPA**
**(On behalf of Plaintiff and the Members of Putative Class)**

44.  Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

6

45. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015).

### a. Violations of §1692e

46. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

47. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

48. Defendant violated §§1692e and e(10) of the FDCPA by deceptively attempting to collect more money than Plaintiff and similarly situated consumers intended on paying.

49. As set forth above, Defendant's letter is patently deceptive because it misleads consumers into believing they are paying a reduced settlement amount when in reality they will be charged for the full amount.

### b. Violations §1692f

50. Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt. 15 U.S.C. §1692f.

51. Defendant violated §1692f by deceptively attempting to collect more money than Plaintiff and similarly situated consumers intended on paying.

52. Charging consumers an amount in excess of what the consumers intended on paying is unfair and unconscionable by any standard.

**WHEREFORE**, Plaintiff, DONNA M. LANDRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e, e(10), f of the FDCPA;

    b. Enjoining Defendant from sending similar collection letters to consumers;

c. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Class Members statutory damages and actual damages;

e. Awarding the Plaintiff her costs and reasonable attorney's fees as pursuant to 15 U.S.C. §1692k; and

f. Awarding any other relief as the Honorable Court deems just and proper.

## Count II – Violations of §1788.17 of the RFDCPA
### (On behalf of Plaintiff, individually, and the Members of the Putative Class)

53. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

54. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

55. As stated above, Defendant violated 15 U.S.C. §§ 1692e, e(10), and f of the FDCPA, therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, DONNA M. LANDRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b. Enjoining Defendant from sending similar collection letters to consumers;

c. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

d. Awarding Class Members statutory damages and actual damages;

e. Awarding the Plaintiff her costs and reasonable attorney's fees; and

f. Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 28, 2020

Respectfully submitted,

DONNA M. LANDRY

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC** 3
6167 Bristol Parkway, Suite 200
Culver City, CA 90230
+1 310-997-0471
nick@wajdalawgroup.com